UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MELENDEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DIAZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01393-ADA-CDB  (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 37)<br><br>14-DAY DEADLINE |

Before the Court is Defendants' Motion for Summary Judgment, filed January 31, 2023, in which they assert that plaintiffs Melendez, Pajarillo, Canales, Castro, Gaitan, Hernandez, Espinoza and Garcia failed to exhaust their administrative remedies for their claims against Defendants, prior to filing their first amended complaint. (Doc. 37). Plaintiffs filed an opposition on March 8, 2023 (Doc. 41)[1], and Defendants filed a reply on March 28, 2023. (Doc. 45). For the reasons stated below, the undersigned recommends that Defendants' motion for summary judgment be granted.

---

[1] Plaintiffs' opposition was due February 14, 2023. On March 8, 2023, counsel for Plaintiffs filed a motion *nunc pro tunc* requesting a three-week extension of time to file an opposition, attesting that his belated filing was "good faith error." (Doc. 41). Defendants did not oppose the late filing but requested a brief extension to file a reply, and a three-week extension of the time to complete fact discovery. (Doc. 43). The Court granted both sides' requests and accepted Plaintiffs' late-filed opposition. (Doc. 44).

**I.      Factual Background.**

According to Plaintiffs' First Amended Complaint, Plaintiffs were affiliates of the Fresno Bulldogs Security Threat Group (STG) and housed in an area of Avenal State Prison that included members of rival STGs, during the relevant time.  (Doc. 15, p. 9).  On September 29, 2018, Plaintiffs were subjected to a coordinated attack from members of those rival STGs.  Plaintiffs aver that Defendants had advance notice of a threat to Plaintiffs' safety but failed to take reasonable steps to protect them. (Doc. 15, ¶ 7).

Plaintiffs further allege that once they returned from the hospital after the attack, prison officials repeatedly attempted to get them to disaffiliate with their STG.  When Plaintiffs declined to disaffiliate, the prison officials punished them by denying Plaintiffs access to rehabilitative programs.  (Doc. 15, p. 5-6).  Plaintiffs raise (1) claims under 42 U.S.C.§ 1983 for deliberate indifference to inmate safety in violation of the Eighth Amendment to the U.S. Constitution; (2) a 42 U.S.C. § 1985(3) claim of conspiracy to deprive Plaintiffs of equal protection under the law in violation of the Fourteenth Amendment to the U.S. Constitution; (3) a 42 U.S.C. § 1986 claim of neglect to prevent interference with Plaintiff's equal protection rights; and (4) a state law negligence claim.[2]  Plaintiffs seek money damages as well as an order from the Court granting them equal access to the rehabilitative programs.  (Doc. 15, p. 23).

The parties agree that Plaintiffs Melendez, Pajarillo, Canales, Castro, Gaitan, Hernandez, Espinoza, and Garcia failed to exhaust their available administrative remedies prior to filing their First Amended Complaint.  (Doc. 41-3, p. 2).  However, the parties disagree whether Plaintiffs needed to seek administrative remedies prior to filing their claims.

**II.      Standard of Law**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

---

[2] On April 8, 2022, claims 2-4 were dismissed with leave to amend within 21-days.  (Doc. 21). As of the date of this order, no amendment has been filed.

2

while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by: (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c)(1). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (on summary judgment, "the court has discretion in appropriate circumstances to consider other materials, [but] it need not do so"). Furthermore, "[a]t summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." *Nevada Dep't of Corr v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011). (citations and internal quotations omitted). The focus is on the admissibility of the evidence's contents rather than its form. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett,* 477 U.S. at 317, 323 (1986)). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson,* 477 U.S. at 252). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the

1  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
2  versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809
3  F.2d 626, 630 (9th Cir. 1987).
4        The court must apply standards consistent with Rule 56 to determine whether the moving
5  party has demonstrated the absence of any genuine issue of material fact and that judgment is
6  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
7  "[A] court ruling on a motion for summary judgment may not engage in credibility
8  determinations or the weighing of evidence."  *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
9  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
10 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
11 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
12 198 F.3d 1130, 1134 (9th Cir. 2000).

13 **III.     Discussion**

14       The PLRA mandates that inmates exhaust all available administrative remedies before
15 filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983.
16 *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Exhaustion is mandatory unless unavailable.  "The
17 obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'
18 Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need
19 not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis
20 in original) (*citing Booth v. Churner*, 532 U.S. 731, 739 (2001)).

21       The statutory exhaustion requirement applies to all inmate suits about prison life.  *Porter*
22 *v. Nussle*, 534 U.S. 516, 532 (2002) (quotation marks omitted).  This is true regardless of the
23 relief sought by the prisoner or the relief offered by the process.  *Booth*, 532 U.S. at 739.

24       The failure to exhaust is an affirmative defense, and the defendants bear the burden of
25 raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).
26 Defendants are entitled to summary judgment under Rule 56 only if the undisputed evidence,
27 viewed in the light most favorable to Plaintiffs, shows that they failed to exhaust.  *Albino v. Baca*,
28 747 F.3d 1162, 1166 (9th Cir. 2014).  Inmates are required to exhaust the grievance process that

1 was available to them at the time their claims arose.  *See Fordley v. Lizarraga*, 18 F.4th 344, 352
2 (9th Cir. 2021) (applying 2015 version of CDCR's grievance process as "[t]he regulations in
3 effect when Fordley filed the March grievance").

4    Plaintiffs Melendez, Parajillo, Canales, Castro, Gaitan, Hernandez, Garcia, and Espinoza
5 were all in the custody of the California Department of Corrections and Rehabilitation ("CDCR")
6 at the time they filed the instant complaint.  In 2018, to exhaust CDCR's administrative appeal
7 process, inmates were required to proceed through three levels of review and had to receive a
8 review of their appeal and as well as a decision from CDCR's Office of Appeals.  Cal. Code
9 Regs. tit. 15, §§ 3084-3084.9(b); (Doc. 37-3, Trujillo-Villa Decl., ¶ 4).

10    According to Defendants, Plaintiffs Melendez, Pajarillo, Castro, Gaitan, and Garcia did
11 not submit an appeal at any of the three required levels of administrative review. (Doc. 37-1,
12 Defendants Statement of Undisputed Material Facts ("DSUF"), at pp. 3-5).  Plaintiffs Canales,
13 Hernandez, Espinoza had their grievance logs cancelled for untimely filing their grievances but
14 never fully appealed their cancellation as allowed under Cal. Code Regs § 3084.6(e).  (*Id*.) (*see*
15 Doc. 37-3, Trujillo-Villa Decl., ¶ 5).  Inmates fail to exhaust administrative remedies where their
16 appeals are screened out in compliance with prison policies.  *Sapp v. Kimbrell*, 623 F.3d 813,
17 817, 825 (9th Cir. 2010).

18    Plaintiffs do not contest the that they failed to exhaust administrative remedies.  (Doc. 41-
19 3, p. 2).  Rather they assert that the CDCR grievance process cannot provide them any relief, and
20 thus they have no available remedies "as a practical matter." (*Id*., p. 6, citing *Albino*, 747 F.3d at
21 1171). Furthermore, Plaintiffs rely on the United States Supreme Court case *Ross v. Blake,* for the
22 proposition that administrative processes need not be followed when they operate as a simple
23 dead end.  278 U.S. 632, 639 (2016).  Plaintiffs claim that since they seek money damages, a
24 remedy unavailable through the CDCR grievance process, they need not reach exhaustion of
25 administrative remedies.  (Doc. 41-3, p. 6) (arguing that requiring exhaustion in this cause would
26 lead a prisoner to "waste his time and effort (as well as prison resources) seeking relief that is not
27 available under the grievance process").

28    Plaintiffs' reliance on *Ross* is misguided. Section 1997e(a) of the PLRA states that "[n]o

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The requirement of exhaustion is "mandatory." The PLRA makes no distinctions based on the particular "forms of relief sought and offered." *Ross*, 578 U.S. at 640 (*citing Booth*, 532 U.S. at 741, n. 6). Contrary to Plaintiffs' assertions, it is immaterial whether the parties agree that the administrative process could provide a form of relief – Congress deliberately amended the PLRA to prevent prisoners from bypassing the administrative process with limited prayers for relief. *Booth*, 532 U.S. at 741.

*Ross* identified three scenarios where an administrative scheme rendered a remedy unavailable: (1) The administrative system is a dead end where officials lack authority to provide *any* relief; (2) the administrative scheme is so opaque and arcane that no reasonable prisoner can use it; and (3) prison administrators took misleading or threatening actions to prevent prisoners from using otherwise proper procedures. *Ross*, 578 U.S. at 644. All three scenarios relate to obstacles inmates may face when navigating the administrative process and none of those scenarios undermine *Booth*'s holding that the PLRA does not differentiate the exhaustion requirement based on the type of remedy sought.

Plaintiffs' arguments fail in the face of unequivocal Supreme Court and Ninth Circuit authority that an inmate seeking only money damages "must" complete a prison administrative process that could provide some sort of relief on the complaint stated, even if not money. *Booth*, 532 U.S. at 733. *Accord Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (inmate raising Eighth Amendment claims against prison required to exhaust administrative procedures before filing suit, despite seeking only money damages).[3]

/ / /

/ / /

---

[3] To the extent Plaintiffs contend the Supreme Court's 2016 decision in *Ross* undermines the continuing effect of *Booth*, at least one panel of the Ninth Circuit (in an unpublished decision) refuted this very argument. *Whatley v. Nanez*, 670 Fed. Appx. 555, 556 (9th Cir. 2016) (noting *Ross*, and holding that "Whatley's contention that he did not have to exhaust because he brought a civil suit seeking money damages is unpersuasive.").

### IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned **HEREBY RECOMMENDS** that Defendants' Motion for Summary Judgment be granted, and that Plaintiffs John Melendez, Justice Dillon Pajarillo, Jose Canales, Jr., Pedro Castro, Emerson Gaitan, Carlos Espinoza, Eric Jose Hernandez, and Daniel Garcia be dismissed.  This action proceeds on claims by remaining Plaintiffs Phillip Bernard, Freddy Anthony Mendoza, Salvador Salazar, and Alejandrino Manjaraz.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 24, 2023**

UNITED STATES MAGISTRATE JUDGE