UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MELENDEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> DIAZ, ET AL., <br><br> Defendants. | Case No. 1:20-cv-01393-ADA-CDB (PC) <br><br> ORDER REQUIRING THE PARTIES TO MEET AND CONFER AND RESOLVE STIPULATED PROTECTIVE ORDER OR MOTION FOR OTHER RELIEF |

On April 12, 2023, the parties reported in their joint mid-discovery status report that they were negotiating the terms of a protective order but anticipated complications because of "Plaintiffs' counsel's employment of the spouse of one of the Plaintiffs." (Doc. 48). The parties later reported that they had "tentatively agreed" upon the terms of a protective order and had transmitted it to the California Department of Corrections and Rehabilitation (CDCR) on April 25, 2023, for review and approval. (Doc. 53). The parties represented that depositions noticed for May 16 and May 17, 2023, likely would be postponed unless a protective order was approved and entered in advance of the depositions. (*Id.* at p.3).

Because no stipulated protective order has been filed, on May 25, 2023, the Court convened a status conference with the parties. During that status conference, counsel for Defendants confirmed that a universe of approximately 300 pages of sensitive documents was being withheld from production for security reasons. The documents reportedly include critical incident reports,

photographs, reports of administrative segregation and other documents the production of which would present safety and security issues for other witnesses and inmates. For this reason, according to counsel for Defendants, CDCR would only approve a protective order that included a provision "walling-off" Plaintiff Melendez's spouse from counsel for Plaintiffs' employment of her in connection with the case. Counsel for Defendants acknowledged the possibility inherent in any protective order that purposeful or inadvertent disclosure could occur, but that the dire consequences that would result in this case from such risk resulted in CDCR's demand of a broader protective order than what the parties' preliminary agreed to (*i.e.*, a protective order prohibiting counsel for Plaintiffs' from disclosing the sensitive documents to his employee).

While acknowledging the safety and security risks at issue, Counsel for Plaintiffs articulated his need and desire to continuing employing Plaintiff Melendez's spouse in connection with the case. Following discussion, counsel for Plaintiffs expressed preliminary support for a "carve out" to a protective order that otherwise "walls off" the employee such that she could continue to provide limited administrative and logistical support in connection with the case.

Because no party disputes the relevance and discoverability of the sensitive documents at issue, the Court reiterated during the conference its preference that the parties quickly resolve their differences and agree upon an acceptable protective order to (1) avoid a contested motion for protective order by Plaintiffs, and (2) ensure nonexpert discovery can proceed and finish within the time remaining (a schedule that already has been extended three times by the undersigned, *see* Docs. 36, 44, 54). For these reasons, the Court will set a schedule by which the parties shall resolve and file for the Court's consideration a stipulated protective order, or in the alternative, by which the Plaintiffs shall file a motion for protective order or other relief.

Accordingly, it is HEREBY ORDERED:

1. The parties shall meet, confer and file any stipulated protective order for the Court's consideration no later than June 5, 2023.
2. If the parties are unable to agree upon a stipulated protective order by June 5, 2023, Plaintiffs shall file any motion seeking relief relating to the withheld documents discussed above, including any motion for Court-ordered protective order, no later than

June 9, 2023, and notice such motion for hearing before the undersigned on June 21, 2023, at 10:45 a.m. Plaintiffs shall file in support of any such motion declarations as necessary setting forth the prejudice Plaintiffs allege they would suffer from any order excluding counsel's employee from involvement in the case.

3. Any opposition by Defendants to such motion shall be filed by June 16, 2023. Defendants shall file in support of any such motion declarations as necessary setting forth the prejudice Defendants allege they would suffer from any protective order entered consistent with the order the parties reportedly agreed-to prior to submission to CDCR's Office of Legal Affairs for approval.

4. Unless the motion hearing is vacated following the Court's review of the parties' papers, the parties shall coordinate with the undersigned's Courtroom Deputy Clerk in advance of the motion hearing to obtain Zoom connection information (shall@caed.uscourts.gov).

IT IS SO ORDERED.

Dated: __May 25, 2023__                                   _____
                                                          UNITED STATES MAGISTRATE JUDGE