UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MELENDEZ, et al., | Case No. 1:20-cv-01393-ADA-CDB (PC) |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| DIAZ, et al., | |
| Defendants. | |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs John Melendez, Pedro Castro, Daniel Garcia, Phillip Bernard, Eric Hernandez, Carlos Espinoza, Freddy Mendoza, Jose Canales, Alejandrino Manjarez, Emerson Gaitan, Justice Pajarillo, and Salvador Salazar and Defendants R. Diaz and R. Ndoh (the "parties") shall abide by the following Protective Order.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and the other restrictions included in this protective order. The unique subject matter of this litigation (i.e. alleged violence between

multiple prison gangs and members and affiliates of those gangs) and the fact that Plaintiff's counsel employs Amanda Melendez, the spouse of a former California Department of Corrections and Rehabilitation's inmate who was a validated affiliate of the Fresno Bulldog Security Threat Group and a Plaintiff in this action, raises safety and security concerns regarding the receipt, review, and dissemination of any documents or information exchanged in this action.  As set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and for attorney's eyes only, as further defined below.  The criteria for such designation shall be whether the Party has a good-faith belief that the information is entitled to protection from disclosure to non-attorneys, because such information constitutes or discloses information which threatens prison safety or security, or the safety or security of any inmate, parolee, or prison staff.  Documents that satisfy this criteria are limited without further Court order to Defense documents marked OAG 0357-0860 "Attorneys" shall be limited to the counsel of record in this case, their support staff as further restricted and defined in Sections 3.1, 3.2, 7.2(a), 7.3(a), and Expert(s).

2.3    Counsel of Record:    attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel of Record to serve as an expert witness or as a consultant in this action.

    2.7    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.8    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

    2.9    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.10    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.11    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," limited without further Court order to Defense documents marked OAG 0357-0860.

    2.12    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

    3.1    The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) the complete walling off of Ms. Amanda Melendez from working on this case

3

1  (for the reasons set forth in the Court's order on Plaintiffs' motion to compel, Doc. 68).
2  However, the protections conferred by this Protective Order do not cover the following
3  information: (a) any information that is in the public domain at the time of disclosure to a
4  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as
5  a result of publication not involving a violation of this Order, including becoming part of the
6  public record through trial or otherwise; and (b) any information known to the Receiving Party
7  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
8  obtained the information lawfully and under no obligation of confidentiality to the Designating
9  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

10       3.2     Amanda Melendez, plaintiff John Melendez's wife, shall be completely walled off
11  from working on this case, including but not limited to legal administrative tasks; receiving,
12  reviewing, processing, and possessing discovery documents or information; preparing motions;
13  interacting with any investigators retained by Plaintiffs; interviewing witnesses and scheduling
14  assignments.

15  **4.    DURATION**

16       Even after final disposition of this litigation, the confidentiality obligations imposed by
17  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
18  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all
19  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
20  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
21  including the time limits for filing any motions or applications for extension of time pursuant to
22  applicable law.

23  **5.    DESIGNATING PROTECTED MATERIAL**

24       5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party
25  or Non-Party that designates information or items for protection under this Order must take care
26  to limit any such designation to specific material that qualifies under the appropriate standards.
27  The Designating Party must designate for protection only those parts of material, documents,
28  items, or oral or written communications that qualify – so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5

      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue or by email) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>.  If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion

challenging a confidentiality designation under Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later, including a challenge to the designation of a deposition transcript or any portions thereof. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the objection to the confidentiality designation for each challenged designation.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Plaintiffs' counsel D. Shawn Burkley will store "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material on a separate password protected server that only he has access to, e.g., Dropbox.

To avoid inadvertent disclosures, a Disclosing Party must clearly mark Protected Material, either in its Bates Number formatting or by watermark as "CONFIDENTIAL - ATTORNEYS'

EYES ONLY." Additionally, any communication (e.g., e-mail or package) delivering Protected Material to a Receiving Party must clearly state that the communication contains or grants access to material that is "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      7.2     <u>Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.

This Protective Order is intended to and does preclude the Receiving Party's Counsel of Record from disclosing documents and information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to Plaintiff, Defendant, members of Plaintiff's or Defendant's respective family, friends, or associates, or to any inmate or parolee, or to the public. It is agreed by the Parties and ordered by the Court that the information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is never to be disseminated to or discussed with any inmates, including a Party or witness, parolee, and the public, in this case or in any other capacity, unless there is a successful challenge to such information under section 6. In the event the Receiving Party believes that information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" needs to be discussed with their client or another person, the Receiving Party must first contact the Designating Party to discuss disclosure of the specific record.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; however, Amanda Melendez, plaintiff John Melendez's wife, is specifically excluded from receiving or viewing all documents in this case, including but not limited to items or material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY";

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c) the court and its personnel;

      (d) court reporters and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

      (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    This case involves multiple current and former inmate Plaintiffs, and Plaintiffs' counsel and his staff and agents agree not to permit any Plaintiff to have access to another inmate and/or Plaintiff's correctional records, including but not limited to, the Central File, ERMS, SOMS, mental health care records, and health care records, except by prior written agreement of the parties.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (3) make the information requested available for inspection by the Non-Party.

   (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

  In the event the Receiving Party believes that documents labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY" have been viewed or obtained by persons other than those permitted access under Paragraphs 7.2 and 7.3 respectively, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) identify the person or persons to whom unauthorized disclosures were made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) use its best efforts to retrieve all unauthorized copies of the Protected Material.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
2  provision is not intended to modify whatever procedure may be established in an e-discovery
3  order that provides for production without prior privilege review. Pursuant to Federal Rule of
4  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a
5  communication or information covered by the attorney-client privilege or work product
6  protection, the parties may incorporate their agreement in the stipulated protective order
7  submitted to the court.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, neither Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, is required to protect safety and security of any California Department of Corrections and Rehabilitation institution, employee, or inmate, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4    <u>Redaction of Personal Information.</u>    The Designating Party is permitted to redact personal information such as home addresses, social security numbers, birthdates, or other

personally identifiable information from the Protected Material that is produced under this protective order, in addition to redactions addressed in and permitted by the Court's order on Plaintiffs' motion to compel (Doc. 68).

12.5     <u>Official Information</u>.   The Designating Party is permitted to redact official information subject to official information privilege from the Protected Material that is produced under this protective order.

**13.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

Dated:   **June 23, 2023**             _____
                                         UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Easter District of California on _____, 2023, in the case of *Melendez, et al. v. Diaz*, et al. Case No.: 1:20-cv-01393-ADA-CDB.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]