UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MELENDEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WARDEN ROSEMARY NDOH, <br><br> Defendant. | No. 1:20-cv-01393-ADA-CDB (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFFS JOHN MELENDEZ, JUSTICE DILLON PAJARILLO, JOSE CANALES, JR., PEDRO CASTRO, EMERSON GAITAN, CARLOS ESPINOZA, ERIC HERNANDEZ, AND DANIEL GARCIA WITHOUT PREJUDICE <br><br> (ECF Nos. 37, 51) |

On April 24, 2023, the assigned Magistrate Judge issued findings and recommendations to dismiss Plaintiffs John Melendez, Justice Dillon Pajarillo, Jose Canales, Jr., Pedro Castro, Emerson Gaitan, Carlos Espinoza, Eric Hernandez, and Daniel Garcia for failure to exhaust administrative remedies. (ECF No. 51.) The Court served the findings and recommendations on Plaintiffs and provided fourteen (14) days for the Plaintiffs' to file objections thereto. (*Id.*) On May 7, 2023, Plaintiffs timely filed objections. (ECF No. 52.) On May 19, 2023, Defendants replied. (ECF No. 57.)

In their objections, Plaintiffs argue they should not be dismissed from this case merely because they "failed to engage in or complete a futile three-tier 'appeals' process that could not provide them with any meaningful relief." (ECF No. 52 at 1.) Plaintiffs argue Defendant carries

the burden of proof prior to demonstrate "the prisoner[s] did not exhaust a *remedy* that was *available* to the inmate." (*Id*. at 3.) Plaintiffs argue that because the "'exhaustion requirement hinges on the availab[ility] of relief,'" Plaintiffs should not be dismissed for failure to exhaust non-existent administrative remedies. (*Id*.) Plaintiffs, essentially, argue that because Defendant has failed to make available the relief they seek, Defendant has failed to provide any remedy.

Defendant argues "it is undisputed that Plaintiffs . . . failed to exhaust available administrative remedies for their claims." (ECF No. 57.) Defendant argues "the administrative grievance process was capable of providing the Non-Moving Plaintiffs with some sort of relief, even if not the specific monetary relief they demanded." (*Id*.) Thus, Defendant argues, Plaintiffs' objections are "immaterial." (*Id*.)

Defendants are correct. (ECF No. 51 at 2 (citing Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011) ("Summary judgment is appropriate where there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'").) Plaintiffs state they forwent the requisite administrative procedure because it could not provide monetary relief; however, the case law does not require the type of relief sought be available—only that some relief is available and exhausted. *See* 42 U.S.C. § 1997(e) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion requires Plaintiffs to pursue even those remedies that may not fully address the harm they endured. *See Booth v. Churner*, 532 U.S. 731 (2001) ("an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief.") Therefore, Plaintiffs' objections are unpersuasive.

///

///

///

///

///

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiffs' objections, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Accordingly, IT IS SO ORDERED:

1. The findings and recommendations issued on April 24, 2023 (ECF No. 51), are ADOPTED in full;
2. The Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 37);
3. Plaintiffs John Melendez, Justice Dillon Pajarillo, Jose Canales, Jr., Pedro Castro, Emerson Gaitan, Carlos Espinoza, Eric Hernandez, and Daniel Garcia are DISMISSED WITHOUT PREJUDICE;
4. The Clerk of Court is directed to terminate the dismissed plaintiffs from this case; and
5. This action shall proceed on claims by remaining Plaintiffs Freddy Anthony Mendoza and Salvador Salazar.

IT IS SO ORDERED.

Dated:   September 4, 2023

UNITED STATES DISTRICT JUDGE

3